IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL GERHARDT,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER CARDEN #14, OFFICER ROBINSON #20, OFFICER RODMAN #16, and the VILLAGE OF FLOSSMOOR,<br><br>    Defendants. | FILED: MAY 7, 2008<br>08CV2619      PH<br>JUDGE ANDERSEN<br>MAGISTRATE JUDGE COX<br><br>No. |

## COMPLAINT AT LAW

NOW COMES the PLAINTIFF, by and through Horwitz, Richardson, & Baker LLC., and pursuant to this Complaint at Law, states the following against the above named Defendants, to wit OFFICER CARDEN #14, OFFICER ROBINSON #20, OFFICER RODMAN #16, (hereinafter, the "DEFENDANT OFFICERS"), and the VILLAGE OF FLOSSMOOR.

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

### PARTIES

2. PLAINTIFF is a resident of the State of Illinois and of the United States.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the VILLAGE OF FLOSSMOOR.

1

4.	The VILLAGE OF FLOSSMOOR is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF FLOSSMOOR.

## FACTS

5.	On or about June 8, 2007, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

6.	On or about June 8, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.	The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.	The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9.	On June 8, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10.	As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.     On or about June 8, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the VILLAGE OF FLOSSMOOR.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.     Upon information and belief, OFFICER CARDEN #14, on June 8, 2007, came into physical contact with PLAINTIFF.

13.     Upon information and belief, OFFICER ROBINSON #20, on June 8, 2007, came into physical contact with PLAINTIFF.

14.     Upon information and belief, OFFICER RODMAN #16, on June 8, 2007, came into physical contact with PLAINTIFF.

## CONSPIRACY

15.     Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a.  agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b.  using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c.  agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d.  agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    e.  generating false documentation to cover-up for their own and each other's misconduct.

16.     In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about June 8, 2007, whereby the DEFENDANT OFFICERS

3

agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

## COUNT I
### §1983 Excessive Force

17. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

18. The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

19. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT II
### §1983 False Arrest

20. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

21. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

22. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
### False Arrest – State Claim

23. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

24. The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as Illinois law.

25. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
### Battery – State Claim

26. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

27. The DEFENDANT OFFICERS struck the PLAINTIFF intentionally, without consent and without justification.

28. The conduct of the DEFENDANT OFFICERS was in violation of Illinois Law.

29. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT V
### Malicious Prosecution - State Claim

30. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

31. The DEFENDANT OFFICERS alleged that PLAINTIFF violated the laws of the State of Illinois. These allegations commenced or continued a criminal proceeding against PLAINTIFF.

32. The DEFENDANT OFFICERS engaged in this effort without probable cause.

33. The underlying criminal charges were ultimately resolved in favor of PLAINTIFF.

34. The underlying criminal charges were resolved in a manner indicative of innocence.

35. The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VI
### § 1983 Conspiracy Claim

36. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

37. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VII
### Conspiracy Claim – State Law

38. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

39. The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

   WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS. PLAINTIFF also demands punitive damages and costs against the DEFENDANT OFFICERS. PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT VIII
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF FLOSSMOOR

40. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

41. Defendant VILLAGE OF FLOSSMOOR is the employer of the DEFENDANT OFFICERS alleged above.

42. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the VILLAGE OF FLOSSMOOR.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the VILLAGE OF FLOSSMOOR pay PLAINTIFF any judgment obtained against the DEFENDANT OFFICERS as a result of this complaint.

## COUNT IX
### Supplementary Claim for *Respondeat Superior*

43. PLAINTIFF re-alleges paragraphs 1 – 16 as though fully set forth herein.

44. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant VILLAGE OF FLOSSMOOR, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, Plaintiff demands judgment against the VILLAGE OF FLOSSMOOR and such other additional relief, as this Court deems equitable and just.

## JURY DEMAND

45. Plaintiff demands trial by jury.

Respectfully submitted,

s/ Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz

**Horwitz, Richardson, & Baker LLC.**
20 S. Clark, Suite 500
Chicago, IL  60603
(312) 676-2100
(312) 372-7072