### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL GERHARDT, | ) | |
| | ) | No.    08 CV 2619 |
| Plaintiff, | ) | |
| | ) | Judge Andersen |
| | ) | |
| | ) | |
| OFFICER CARDEN, et al. | ) | <u>Jury</u> <u>Demanded</u> |
| | ) | |
| Defendants. | ) | |

## <u>ANSWER</u>

NOW COME three of the defendants, Michael Carden, Stan Robinson, and the Village of Flossmoor, a municipal corporation, by their attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and in answer to plaintiff's complaint at law state the following:

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

ANSWER:    These defendants admit that this Court has jurisdiction over the plaintiff's claims.

2.    Plaintiff is a resident of the State of Illinois and of the United States.

ANSWER:    On information and belief these defendants admit the allegations of this paragraph two.

3.    The defendant officers were at all times relevant hereto employed by and

acting on behalf of the Village of Flossmoor.

ANSWER:    These defendants admit the allegations of this paragraph three.

4.    The Village of Flossmoor is a duly incorporated municipal corporation and is the employer and principal of the defendant officers as well as the other officers and/or employees referred to in this complaint.  At all times material to this complaint, the defendant offices were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the Village of Flossmoor.

ANSWER:    These defendants admit the facts alleged in this paragraph four, but make no answer to any legal conclusions asserted herein.

5.    On or about June 8, 2007, some or all of the defendant officers were engaged in an unreasonable seizure of the plaintiff.  This conduct violated the Fourth Amendment to the United States Constitution.

ANSWER:    These defendants deny the allegations of this paragraph five.

6.    On or about June 8, 2007, plaintiff did not obstruct justice, resist arrest and/or batter and/or assault any of the defendant officers.

ANSWER:    These defendants deny the allegations of this paragraph six.

7.    The show of force initiated by and/or the failure to intervene in the use of said force by the defendant officers caused an unreasonable seizure to the plaintiff.

ANSWER:    These defendants deny the allegations of this paragraph seven.

8.    The defendant officers charged and/or participated in the charging of plaintiff with criminal activity, and arrested, participated in the arrest and/or failed to

prevent the arrest of the plaintiff notwithstanding the fact that the defendant offices failed to observe and/or learn that plaintiff had committed criminal activity of any sort.  The defendant officers did not have a probable cause to believe that criminal activity took place relative to the plaintiff.

ANSWER:    These defendants deny the allegations of this paragraph eight.

9.    On June 8, 2007, plaintiff had not committed an act contrary to the laws of the State of Illinois.

ANSWER:    These defendants deny the allegations of this paragraph nine.

10.    As a direct and proximate result of one or more of the aforesaid acts or omissions of the defendant officers, plaintiff was caused to suffer damages.

ANSWER:    These defendants deny the allegations of this paragraph ten.

11.    On or about June 8, 2007, the defendant officers were on duty at all times relevant to this complaint and were duly appointed police officers for the Village of Flossmoor.  The defendant officers engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the defendant officers.

ANSWER:    These defendants admit that the defendant officers were on duty as officers of the Village of Flossmoor's Police Department and the two answering individuals admit being sued in their individual capacities, but deny the remaining allegations of this paragraph eleven.

12.    Upon information and belief, Officer Carden #14, on June 8, 2007, came

3

into physical contact with plaintiff.

ANSWER:    These defendants deny the allegations of this paragraph twelve.

      13.    Upon information and belief, Officer Robinson #20, on June 8, 2007, came into physical contact with plaintiff.

ANSWER:    These defendants admit the allegations of this paragraph thirteen.

      14.    Upon information and belief, Officer Rodman #16, on June 8, 2007, came into physical contact with plaintiff.

ANSWER:    These defendants admit the allegations of this paragraph fourteen.

      15.    Some or all of the defendant officers conspired to cause damage to plaintiff in the following manner:

      a.    agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the plaintiff;

      b.    using excessive force and/or failing to intervene in the use of excessive force against the plaintiff;

      c.    agreeing not to report each other after witnessing and/or using excessive force relative to the plaintiff.

      d.    agreeing not to report each other after falsely arresting and/or charging plaintiff,

      e.    generating false documentation to cover-up for their own and each other's misconduct.

ANSWER:    These defendants deny the allegations of this paragraph fifteen,

subparagraphs (a) through (e), inclusive.

16.    In connection with the above conspiracy, the defendant officers specifically engaged in communication on or about June 8, 2007, whereby the defendant officers agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the defendant officers by and through their conduct, proximately caused plaintiff to, inter alia, suffer injury, be charged with criminal allegations, incur financial loss, including attorneys' fees, and suffer emotionally.

ANSWER:    These defendants deny the allegations of this paragraph sixteen.

### Count I

17.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph seventeen.

18.    The actions, and/or the failure to intervene in the actions, of the defendant officers amounted to an excessive use of force onto plaintiff.  This conduct violates the Fourth Amendment of the United States Constitution.

ANSWER:    These individual defendants deny the allegations of this paragraph eighteen.

19.    The aforementioned actions of the defendant officers were the direct and proximate cause of the constitutional violations set forth above.

ANSWER:    These individual defendants deny the allegations of this paragraph nineteen.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to

damages, compensatory or punitive, costs, attorney's fees, or any other relief from this Court.

Count II

20.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph twenty.

21.    The actions of the defendant officers caused the arrest of the plaintiff without probable cause to believe that plaintiff committed criminal activity.  Therefore, the conduct of the defendant officers was in violation of the Fourth Amendment to the United States Constitution.

ANSWER:    These individual defendants deny the allegations of this paragraph twenty-one.

22.    The aforementioned actions of the defendant officers were the direct and proximate cause of the Constitutional violations set forth above.

ANSWER:    These individual defendants deny the allegations of this paragraph twenty-two.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, attorney's fees, or any other relief from this Court.

Count III

23.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph twenty-three.

24.    The defendant officers arrested plaintiff without probable cause to believe that plaintiff committed criminal activity.  The conduct of the defendant officers was in violation of the Constitution to the State of Illinois as well as Illinois law.

ANSWER:    These individual defendants deny the allegations of this paragraph twenty-four.

25.    The aforementioned actions of the defendant officers were the direct and proximate cause of the violations set forth above.

ANSWER:    These individual defendants deny the allegations of this paragraph twenty-five.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, or any other relief from this Court.

<u>Count IV</u>

26.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph twenty-six.

27.    The defendant officers struck the plaintiff intentionally, without consent and without justification.

ANSWER:    These individual defendants deny the allegations of this paragraph twenty-seven.

28.     The conduct of the defendant officers was in violation of Illinois law.

ANSWER:     These individual defendants deny the allegations of this paragraph twenty-eight.

29.     The aforementioned actions of the defendant officers were the direct and proximate cause of the violations set forth above.

ANSWER:     These individual defendants deny the allegations of this paragraph twenty-nine.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, or any other relief from this Court.

Count V

30.     Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:     These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph thirty.

31.     The defendant officers alleged that plaintiff violated the laws of the State of Illinois.  These allegations commenced or continued a criminal proceeding against plaintiff.

ANSWER:     These individual defendants admit the allegations of this paragraph thirty-one.

32.     The defendant officers engaged in this effort without probable cause.

ANSWER:     These individual defendants deny the allegations of this paragraph thirty-two.

33.     The underlying criminal charges were ultimately resolved in favor of plaintiff.

ANSWER:     These individual defendants admit the allegations of this paragraph thirty-three.

34.     The underlying criminal charges were resolved in a manner indicative of innocence.

ANSWER:     These individual defendants deny the allegations of this paragraph thirty-four.

35.     The aforementioned actions were the direct and proximate cause of the violations of Illinois State Law, as set forth above.

ANSWER:     These individual defendants deny the allegations of this paragraph thirty-five.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, or any other relief from this Court.

<u>Count VI</u>

36.     Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:     These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph thirty-six.

37.     The aforementioned actions of the defendant officers were the direct and proximate cause of the violations of the United States Constitution, *inter alia*, the Fourth Amendment and Fourteenth Amendment.

9

ANSWER:    These individual defendants deny the allegations of this paragraph thirty-seven.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, attorney's fees, or any other relief from this Court.

Count VII

38.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    These individual defendants adopt and reallege their answers to paragraphs one through sixteen above, as and for their answer to this paragraph thirty-eight.

39.    The aforementioned actions were the direct and proximate cause of the violations of the Constitution of the State of Illinois and Illinois law.

ANSWER:    These individual defendants deny the allegations of this paragraph thirty-nine.

WHEREFORE, these individual defendants deny that the plaintiff is entitled to damages, compensatory or punitive, costs, or any other relief from this Court.

Count VIII

40.    Plaintiff realleges paragraphs 1-16 as though fully set forth herein.

ANSWER:    The municipal defendant adopts and realleges the answers to paragraphs one through sixteen above, as and for its answer to this paragraph forty.

41.    Defendant Village of Flossmoor is the employer of the defendant officers alleged above.

ANSWER:    The municipal defendant admits the allegations of this paragraph forty-one.

42.    The defendant officers, as alleged above, committed the acts under color of

10

law and in the scope of employment of the Village of Flossmoor.

ANSWER:    The municipal defendant denies the allegations of this paragraph forty-two.

WHEREFORE, the municipal defendant denies that the plaintiff is entitled to a judgment for damages against it or its employees, for compensatory or punitive damages, costs, attorney's fees, or any other relief from this Court.

Count IX

43.    Plaintiff realleges paragraphs 1-16 as fully set forth herein.

ANSWER:    The municipal defendant adopt and realleges the answers to paragraphs one through sixteen above, as and for its answer to this paragraph forty-three.

44.    The aforesaid acts of the defendant officers were in the scope of employment and therefore the defendant Village of Flossmoor, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

ANSWER:    The municipal defendant admits that the actions of its officers took place within the course and scope of their employment, but denies the allegations of this paragraph forty-four that any of the actions as alleged in this complaint in fact took place.

WHEREFORE, the municipal defendant denies that the plaintiff is entitled to a judgment for damages against it or its employees, for compensatory or punitive damages, costs, attorney's fees, or any other relief from this Court.

**AFFIRMATIVE DEFENSES**

NOW COME three of the defendants, Michael Carden, Stan Robinson and the Village of Flossmoor, a municipal corporation, by its attorneys, Richard T. Ryan and Mark F. Smolens, Ryan, Smolens & Jones, and as their affirmative defenses to the plaintiff's complaint at law state the following:

11

1.     That the actions of each and every potentially named individual defendant who is employed by the Village of Flossmoor in connection with the law enforcement conduct at issue in this case were qualifiedly immune from liability for damages.

2.     That none of the actions of the defendants alleged in this case in connection with claims arising under Illinois law were "willful and wanton" within the meaning of Section 1-210 of the Illinois Local Governmental and Governmental Employees Tort Immunity Act, thereby immunizing these defendants from liability for all of the supplemental claims raised in the plaintiff's complaint at law.

WHEREFORE, the defendants respectfully requests that judgement be entered in their favor and against the plaintiff based upon the above and foregoing affirmative defenses.

/s/ Mark F. Smolens
Attorney for Defendants, Michael Carden, Stan Robinson, and the Village of Flossmoor, a municipal corporation

**RICHARD T. RYAN**
**MARK F. SMOLENS**
**RYAN, SMOLENS & JONES**
**180 North LaSalle Street**
**Suite 2303**
**Chicago, IL 60601**
**(312) 372-3800**